## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

WILLIAM EDGAR KIMBRELL,

     Plaintiff,

-vs-

                      Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; BANK OF AMERICA, N.A.; and
CAPITAL ONE, N.A.,

     Defendants.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, WILLIAM EDGAR KIMBRELL (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); BANK OF AMERICA, N.A. (hereinafter "BOA"); and CAPITAL ONE, N.A. (hereinafter "Capital One") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## **PRELIMINARY STATEMENT**

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION AND VENUE**

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Broward County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     BOA is a corporation with its principal place of business in the State of North Carolina and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.     BOA is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     BOA furnished information about Plaintiff to the CRAs that was inaccurate.

22.     Capital One is an FDIC insured state-chartered bank headquartered at 1680 Capital One Drive in McLean, Virginia 22101 that upon information and belief conducts business in the State of Florida.

23.     Capital One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     Capital One furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

25.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

26.    Upon information and belief, Plaintiff is a victim of identity theft.

27.    In or about mid-2024, Plaintiff reviewed his credit file and became aware of multiple accounts which did not belong to him.

28.    On or about June 3, 2024, Plaintiff called Trans Union to dispute the erroneous accounts and correct his credit file.

29.    On or about June 4, 2024, Plaintiff obtained copies of his credit reports from Equifax and Experian. Plaintiff attempted to obtain a copy of his Trans Union credit report but received an error that it was unavailable. Upon review, Plaintiff observed personal identifying information including names and address which were incorrect. Further, Plaintiff observed multiple accounts which did not belong to him:

| Furnisher | Account | CRA | Status |
|---|---|---|---|
| Capital One | *1922 | Equifax, Experian | Charge off, balance $574 |
| Chase Bank | 455950* | Experian | Closed |
| Citibank/Sears | *4928 | Equifax | Status unavailable |
| BOA | *6039 | Equifax, Experian | Closed |
| BOA | *7122 | Equifax, Experian | Closed |
| JHPDE Finance I, LLC | *7330 | Equifax | Closed |
| Synchrony Bank/HH Gregg | *6434 | Equifax, Experian | Closed |
| Synchrony Bank/Rooms to Go | *5847 | Equifax, Experian | Closed |
| Wells Fargo/Home Projects Visa | *8924 | Equifax, Experian | Closed |

30.    On or about June 5, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 173549412. In this report, he

explained that he was a victim of identity theft and that the aforementioned erroneous accounts had been opened under his name and were listed in his credit report.

31.    Due to the inaccurate reporting, on or about June 11, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft, and that personal identifying information was appearing in his credit file which was incorrect. Further, Plaintiff advised the aforementioned accounts were fraudulent and did not belong to him. To confirm his identity, Plaintiff included an image of his driver's license and U.S. Passport in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

32.    Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 1816 0688 92), Experian (9589 0710 5270 1816 0688 85), and Trans Union (9589 0710 5270 1816 0688 78).

33.    On or about June 20, 2024, Plaintiff received a response from Equifax which stated the proof of identity did not match the information in his credit file and requested additional proofs of identification despite Plaintiff having provided his current driver's license and U.S. Passport.

34.    On or about July 4, 2024, Plaintiff received dispute results from Equifax which stated the following accounts continued to appear in his credit file each with a comment stating, "consumer disputes".

i.   BOA, partial account number ending in *6039;

ii.   BOA, partial account number ending in *7122;

iii.   Capital One, partial account number ending in *1922;

iv.   Citibank/Sears, partial account number ending in *4928;

v.   Synchrony Bank/Rooms to Go, partial account number ending in *5847; and

vi.   Wells Fargo/Home Projects Visa, partial account number ending in *8924.

35.   On or about July 15, 2024, Plaintiff received dispute results from Equifax which stated Capital One, partial account number ending in *1922, was removed from his credit file but was reinserted by the furnisher.

36.   On or about July 18, 2024, Plaintiff obtained an updated copy of his Equifax credit report and observed BOA, partial account number ending in *6039, and Capital One, partial account number ending in *1922, continued to appear in his credit report. The remaining aforementioned erroneous accounts appear to have been removed from his Equifax credit file.

37.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

38.   Equifax never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Equifax notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.     Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

41.     On or about June 22, 2024, Plaintiff received dispute results from Trans Union which stated it removed the disputed personal identifying information.

42.     On or about June 27, 2024, Plaintiff received additional dispute results from Trans Union which stated Synchrony Bank/Rooms to Go, partial account number ending in *5847, was verified as accurate. Further, the dispute results stated Capital One, partial account number ending in *1922, and Synchrony Bank/HH Gregg, partial account number ending in *6434, were deleted from Plaintiff's credit file.

43.     However, upon review of his updated credit report, on or about July 18, 2024, Plaintiff observed Capital One, partial account number ending in *1922, had been reinserted into his credit file. Additionally, Plaintiff observed BOA, partial account number ending in *6039, continued to be reported. The remaining

aforementioned erroneous accounts appear to have been removed from his Trans Union credit file.

44.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

45.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

46.     Upon information and belief, Trans Union notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

47.     Upon information and belief, Trans Union notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

48.     On or about July 9, 2024, Plaintiff received dispute results from Experian which stated the projected investigation completion was August 1, 2024, for Chase Bank, partial account number 455950*. Further, the results stated BOA, partial account number ending in *6039, would remain in Plaintiff's credit file.

49.     On or about July 16, 2024, Plaintiff received additional dispute results from Experian which stated Chase Bank, partial account number 455950*, was deleted from Plaintiff's credit file.

50.     On or about July 20, 2024, Plaintiff received dispute results from Experian which stated Capital One, partial account number ending in *1922, was verified and updated.

51.     Plaintiff did not receive any dispute results from Experian regarding the remaining aforementioned accounts. However, upon review of his updated credit report, Plaintiff observed the remaining aforementioned accounts were no longer appearing in his credit file.

52.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

53.     Experian never attempted to contact Plaintiff during the alleged investigation.

54.     Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.     Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable

investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.     Due to the continued inaccurate reporting, on or about July 19, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report. Plaintiff reiterated he was a victim of identity theft, and that personal identifying information was appearing in his credit file which was incorrect. Further, Plaintiff advised the aforementioned erroneous BOA, partial account number ending in *6039; and Capital One, partial account number ending in *1922, did not belong to him. To confirm his identity, Plaintiff included an image of his driver's license and U.S. Passport in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

57.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0356 1375 94), Experian (9589 0710 5270 0356 1375 87), and Trans Union (9589 0710 5270 0356 1375 70).

58.     On or about July 31, 2024, Plaintiff received a response from Equifax which stated the proof of identity did not match the information in his credit file and requested additional proofs of identification despite Plaintiff having provided his current driver's license and U.S. Passport.

59.    On or about August 15, 2024, Plaintiff received dispute results from Equifax which stated Capital One, partial account number ending in *1922, was updated.

60.    Plaintiff did not receive dispute results from Equifax regarding the remaining erroneous information. However, upon review of his updated credit report on or about September 4, 2024, Plaintiff observed BOA, partial account number ending in *6039, continued to be reported.

61.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

62.    Equifax never attempted to contact Plaintiff during the alleged investigation.

63.    Upon information and belief, Equifax notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

64.    Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

65.    On or about August 15, 2024, Plaintiff received dispute results from Experian which stated Capital One, partial account number ending in *1922, was verified and updated.

66.    Plaintiff did not receive dispute results from Experian regarding the remaining erroneous information. However, upon review of his updated credit report on or about September 4, 2024, Plaintiff observed BOA, partial account number ending in *6039, continued to be reported.

67.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

68.    Experian never attempted to contact Plaintiff during the alleged investigation.

69.    Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

70.    Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

14

71.     Despite confirmation of delivery on July 22, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union.

72.     On or about September 4, 2024, Plaintiff attempted to obtain an updated copy of his Trans Union credit report, but he received an error message that his credit report was not available. Upon information and belief, Trans Union continues to report the erroneous BOA and Capital One accounts.

73.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

74.     Trans Union failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff.

75.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

76.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

15

77.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

78.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii.   Loss of time attempting to cure the errors;

   iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

   iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

79.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

16

80.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

82.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

84.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85.    Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

86.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

88.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

90.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

91.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

92.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

93.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

94.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

95.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

96.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

98.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

100.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

101.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

102.   Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

103.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

107.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

108.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

109.   Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

110.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

113. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

114. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115. Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

116. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

117. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

24

118.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

119.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

120.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Willful)**

123.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

124.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

125.    Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

126.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

127.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

128.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

129.  Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

130.  As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

131.  The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
**Violation of 15 U.S.C. § 1681i as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

133. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

134. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

135. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

136. Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

28

137.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

140.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

29

141.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

142.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

143.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

144.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

145.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

146.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

147.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

148.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

149.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

150.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

151.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

152.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

153.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

154.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

156.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Trans Union LLC (Willful)**

157.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

158.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

159.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

160.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

161.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

162.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

163.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

164.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

166.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

167. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

168. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

169. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

170.  Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

171.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

172.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

173.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

174.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

175.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

176.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

177.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information

and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

178.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

179.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

180.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

181.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

182.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

183.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

184.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

185.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

186.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

187. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

188. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

189. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

190. Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

191. Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

192.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

193.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

194.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America, N.A. (Negligent)

195.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

196.   BOA furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

197.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

198.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the account was fraudulent.

199.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BOA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

200.   BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

201.   As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

202.   The conduct, action, and inaction of BOA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

203.   Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, BANK OF AMERICA, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America, N.A. (Willful)

204.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

205.   BOA furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

206.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

207.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the account was fraudulent.

208.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BOA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

44

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

209.  BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

210.  As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

211.  The conduct, action, and inaction of BOA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

212.  Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BANK OF AMERICA, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XVII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Capital One, N.A. (Negligent)**

213.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

214.   Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

215.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

216.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account was fraudulent.

217.   Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with his

46

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

218.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

219.   As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

220.   The conduct, action, and inaction of Capital One was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

221.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual damages against Defendant, CAPITAL ONE, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Capital One, N.A. (Willful)

222.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-eight (78) above as if fully stated herein.

223.   Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

224.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

225.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account was fraudulent.

226.   Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Capital One by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

227.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

228.   As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

229.   The conduct, action, and inaction of Capital One was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

230.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, CAPITAL ONE, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WILLIAM EDGAR KIMBRELL, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; BANK OF AMERICA, N.A.; and CAPITAL ONE, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 6th day of September 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC

50

501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*